UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUNG HO CHA and YOUNG LIM PARK,  No. 10-14098

                                Debtor(s).
_____/

JEFF RAPPAPORT,

                                Plaintiff(s),

       v.  A.P. No. 10-1201

SUNG HO CHA and YOUNG LIM PARK,

                                Defendant(s).
_____/

Memorandum After Trial
_____

      In September, 2008, Chapter 7 debtors and defendant Sung Ho Cha induced plaintiff Jeff Rappaport to lease an expensive residence in Tiburon, California, to him and his wife by giving Rappaport a financial statement, signed under penalty of perjury, which was patently false. Among other things, it represented that his annual income was over $180,000.00 when it was far less than that. Cha and his family moved into the house and never paid any rent. Rappaport finally regained possession of the property after several months and obtained a state court judgment against Cha and

1

his wife for $46,151.11.  By this adversary proceeding, Rappaport seeks a declaration that the state court judgment is nondischargeable.

Pursuant to § 523(a)(2)(B), a debt is nondischargable if the debtor obtained property by use of a materially false written financial statement if the creditor reasonably relied on it and it was made with intent to deceive.  Plaintiff has met his burden of proof as to all these elements.   The misrepresentation as to income was very material.  Rappaport would not have allowed Cha to take possession of the property if he had known the truth, and his reliance on the false statement was both reasonable and justifiable.

Cha argues that he is an immigrant to this country, that he does not speak or understand English sufficiently to know what he was signing, and he therefore had no intent to deceive.  The court does not believe these assertions.  Not only did he seem to understand most of the proceedings on his own notwithstanding the show of using a translator, but email correspondence between Cha and Rappaport, introduced by Cha himself, convinces the court that Cha has a grasp of both spoken and written English sufficient to make him responsible for his acts.   Even if he did not fully understand exactly what he was signing and why - assertions not convincing to the court - his signature on the false financial statement was certainly in reckless disregard for the truth.  That is sufficient to establish a nondischargeable debt pursuant to § 523(a)(2)(B).  *In re Houtman,* 568 F.2d 651, 656 (9th Cir.1978); *In re Gertsch*, 237 B.R. 160, 167 (9th Cir. BAP 1999).

In desperation, Cha argues that even if he committed fraud no judgment should be rendered against him because Rappaport is only an assignee of the corporate owner of the property.  The court finds no merit to this argument, as an assignee has standing to pursue a dischargeability claim.  *In re Boyajian*, 564 F.3d 1088, 1091 (9th Cir. 2009).[1]

---

[1] In *Boyajian*, the plaintiff was an assignee of the judgment creditor.  In this case, Rappaport obtained his assignment of rights from the corporation (controlled by his father) before he leased the residence to Cha and obtained the state court judgment in his own name.  The principle remains the same: an assignee has standing unless there was an improper motive to the assignment.

2

Rappaport produced no evidence that Cha's wife, defendant Young Lim Park, had anything to do with the false financial statement. Accordingly, only her interest in the community property of the marriage and not her separate property is liable for a nondischargeable judgment pursuant to § 524(a)(3) of the Bankruptcy Code.

For the foregoing reasons, the court finds that the state court judgment is nondischargeable as to Cha personally and as to Park's community property interest. Rappaport shall recover his cost of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Rappaport shall submit an appropriate form of judgment forthwith.

Dated: September 29, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge